IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | No. 3:19-CV-64-CAR |
| LORENNE CRISTEA and LAURA SHAFER, | : : : : | |
| Defendants. | : : : | |
| LAURA SHAFER, | : : | |
| Crossclaim Plaintiff, | : : : | |
| v. | : : : | |
| LORENNE CRISTEA, | : : | |
| Crossclaim Defendant. | : : | |

**ORDER TO RESPOND**

On September 9, 2019, Defendant/Crossclaim Plaintiff Laura Shafer, by and through her counsel, filed an Answer to Plaintiff's Complaint and a Crossclaim [Doc. 8] against Defendant/Crossclaim Defendant, Lorenne Cristea. When Cristea failed to timely answer the Crossclaim, Shafer filed an Application for Clerk's Default Against Cristea in this case [Doc. 17]. Because Cristea is proceeding *pro se*, the Court finds it appropriate and

necessary to advise her of her right to respond to the Crossclaim and of the consequences for failing to respond, and will give Cristea additional time to file a response.

Crossclaim Defendant Cristea is advised that:

> (1) a Crossclaim [Doc. 8] has been filed on behalf of the Crossclaim Plaintiff, Laura Shafer;
>
> (2) Cristea has the right to respond to the Crossclaim against her; and
>
> (3) failure to respond to the Crossclaim may result in default judgment entered against Cristea.

A crossclaim is a demand made in a pleading against another party on the same side of the lawsuit. In this case, one defendant to the lawsuit, Shafer, made a crossclaim in her answer against the other defendant in the same proceeding, Cristea. Rule 13(g) of the Federal Rules of Civil Procedure states, "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Here, Shafer has included in her answer to Plaintiff's Complaint a claim for relief against Cristea starting on page 4 of her Answer. The Crossclaim includes 50 numbered paragraphs that state allegations regarding jurisdiction and venue and other general

allegations as well as legal claims. The Crossclaim lists its claims in each Count, including a claim for intentional interference with an expectancy of inheritance, a claim for tortious interference with a contractual relationship, a claim for declaratory judgment pursuant to Ohio law, and a claim for declaratory judgment pursuant to federal law, amongst other claims. Shafer also asks for relief from the Court for "the costs of suit, attorneys' fees, and any other and further relief as the court may deem proper."

The Court warns Cristea that the failure to answer or deny the allegations and claims in the Crossclaim results in Cristea admitting those allegations. To prevent from admitting the allegations in the Crossclaim, Cristea must file an answer, responding to each allegation. If no answer is filed, an Entry of Default may be entered against Cristea.[1]

A default is not an admission of liability, but it is an admission as to the well-pleaded facts in the Crossclaim [Doc. 8]. Once the Court determines that default judgment should be entered, the Court must then determine the amount of damages Shafer is entitled to for which a sufficient basis is asserted in the Crossclaim. Therefore, if default judgment is entered in this case, Cristea will be responsible for the amount of recovery the Court deems appropriate.

Accordingly, Cristea is advised that the safest course of action is to file an answer to the Crossclaim. If Cristea chooses to answer, the **deadline to file an answer is fourteen**

---

[1] *See* Fed. R. Civ. P. 55 advisory committee's note (2007) ("Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested.").

**(14) days from the date of this order**. If Cristea fails to file an answer within this time, the Court will consider the Shafer's Motion for Entry of Default and render its decision.

**SO ORDERED**, this 21st day of November, 2019.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT